The opinion of the Court was delivered by
Tilghman C. J.
[After stating the points of the case.]— On these points offact, the parties were at issue before the jury, and in the course of the trial, several matters of law were submitted to the Court, and decided by them, to which the counsel for the defendants excepted. These exceptions may be reduced to two heads. .
1. The defendants contendedj that at the time the plaintiffs’ survey was made, fames Harris was not deputy sur *334 veyor of that, or of any other district, and consequently the survey was void, and could not be made good by the accep. tance of the surveyor general and the patent.
, They contended, that the quantity of 328 acres and 112 perches, could not lawfully be surveyed on a warrant for 150 acres,' nor could such a survey be confirmed, by acceptance, and patent, to the prejudice of a third person, who’claimed under an improvement made prior to the survey.
On both points the opinion of the Court Was against the defendants.
1. As to the first point. This survey does not fall within the provision of the 15 sect, óf the Act of 8th April, 1785, by Which it is declared, that every survey made by any deputy surveyor, out of his proper district, shall be void and of no effect; because it has been, settled, that that provision was confined to the lands contained within* the purchase lately made by the Commonwealth, of the Indians at Fort MCIntosh, of all the residue of waste lands within the charter bounds of Pennsylvania. This the counsel for the plaintiffs in error, have conceded., They have rested their case on the 3d sect, of the Act of 9th April, *1781,1 Sm. L. 529, by which it is enacted, “that the surveyor general shall have power to appoint a deputy or deputies, in any county of this State, who shall have power to make and return into the land office, surveys of land, only in the county for which such deputy or deputies shall be' appointed, for the conduct of, which deputy or deputies, the said surveyor general shall be responsii. Under the Proprietary Government, the surveyor general exercised the power of making special deputations, and I do not think he was deprived of this power, by .the Act of. 1781. There might be instances in which it would be very useful to employ a special agent, and it could hardly be productive of ahy ill consequences, as his return would be subject to the judgment of the Board of Property. Indeed the principle involved in the first point, was decided in the case of Wright’s Lessse v. Wells, 1 Sm. L. 301, where it was held, that a survey made on a warrant, dated 16th March, 1786, by John Hoge, deputy surveyor, of land lying out of his district, on which a patent issued the 7th September, 1786, was valid ; and in Shields’s Lessee v. Buchanan, and Funs ton’s Lessee v. M'Mahon, mentioned in 2 Sm. L. 256, and in the *335 opinion of Judge Ye ates in Harris’s Lessee v. Monk, 2 Serg. & Rawle, 557, where surveys made by persons not the proper officers of the district, and recognised by the Board, of perty, were determined to be valid. In the present instance * * *• it does not appear by what authority James Harris acted, but the acceptance of his survey, and patent granted on it, afford strong presumption of lawful.authority. I ám of opinion therefore, that the survey was not-void. But I give' no opinion on a survey made since the Act of 1786, in a part of the Commonwealth to which that Act extends. .
On the second point. I do n'ot see how the opinion of the Court of Common Pleas, can be supported. The warrant was for 150 acres—the survey contained 328 acres, and a third person who had made an improvement prior, to the survey, was interested. If may be presumed, that when that third person was making his improvement, he knew that there, was vacant land adjoining, sufficient to give him 300 acres. He never could suppose, that his neighbour who had a warrant for 150 acres, would endeavour to include double that quantity in his survey, and if he were acquainted with the rules of the land office, he would know that such survey would not be permitted. Ever since the year 1767, the deputy surveyors have been forbidden to include more than ten per cent, surplus in their survey's. Yet they have often disregarded this prohibition, and where' no third person was injured, it has been very common for the officers of the land office, to accept the survey, and issue a patent. It had been better if the rule had been more strictly observed ; for many law suits have been the consequence of this .imprudent relaxation. But although titles have been confirmed. under these irregular surveys, where none , but the proprietaries or the Commonwealth were interested, it has never been supposed that there should be a confirmation of surplus beyond ten per cent., to the prejudice of one who had acquired an inception of title before the makirig of the survey, either by improvement ór any other legal method. That there should, not be such confirmation, was declared for law in the case of Kyle’s Lessee v. White, 2 Sm. L. 165. 1 Binn. 249, and Steinmetz’s Lessee v. Young, 2 Sm. L. 166. Indeed the law has been carried so far in favour of third persons, that it has been decided, that not even the ten per cent, surplus should be in- *336 eluded, to their prejudice. This will, appear in the cases of Elliott’s Lessee v. Bonnet, and Gripe’s Lessee v. Baird, 2 Sm. L. 167. This is the general principle with respect to surPlus * but there may. be cases, where the conduct of the parties interested, either by agreement between themselves to designate their respective boundaries, or by long acquiescence, may make a difference. In the present instance, however, so far as we can judge from the evidence, there are no circumstances authorising a departure from the general rule. A,* ah events, if there had been special circumstances, the Court should have given in charge, under what circumstances the law'would have been in favour of the plaintiffs, leaving the facts to be decided by the jury. I am of opinion, that there was error in the decision of the Court, on the. second point submitted to them, and therefore the judgment should be reversed, and a venirefacias de nova awarded.
Judgment reversed, and a venire facias de novo awarded.
Duncan J. gave no opinion, having been counsel in the cause. '